# PUBLIC INTEREST
## — LEGAL FOUNDATION —

*VIA EMAIL & CERTIFIED MAIL*

July 21, 2021

**ATTN: Terri D. Stroud, General Counsel**
Alice P. Miller, Executive Director
D.C. Board of Elections
1015 Half Street, SE
Washington, D.C. 20003
Email: tstroud@dcboe.org | apmiller@dcboe.org | director@dcboe.org | ogc@dcboe.org

**RE: Notice of NVRA Violation**

Dear Ms. Miller:

Pursuant to 52 U.S.C. § 20510(b)(1), this letter serves as statutory notice to you as the District of Columbia's chief election official that the District of Columbia is in violation of the National Voter Registration Act (NVRA) for failure to permit inspection and reproduction of public records as required by the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i).

You are hereby notified that you now face federal litigation if you continue to deny access to the requested records.

**Background**

The NVRA requires each state and the District of Columbia to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). The records the NVRA describes are commonly referred to as "voter list maintenance" records.

On June 24, 2021, pursuant to the NVRA, the Foundation requested from the DCBOE the opportunity to inspect or receive certain voter list maintenance records. The Foundation requested (1) "[a]ll 'ERIC Data' received from [the Electronic Registration Information Center ("ERIC")] during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased"[1] and (2) "all reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason

---

[1] As explained in the Foundation's June 24 request, "ERIC Data" is a term used in ERIC's membership agreement to described "data included in reports provided by ERIC" to member states concerning deceased and relocated registrants, and other information related to voter registration list maintenance. *See* ERIC Membership Agreement at Section 4(a) (page 15), *available at* https://ericstates.org/wp-content/uploads/2020/02/ERIC_Bylaws_01-2020.pdf (last accessed July 20, 2021).

32 E. Washington Street, Suite 1675, Indianapolis, Indiana 46204
Telephone: 317.203.5599   Fax: 888.815.5641   PublicInterestLegal.org

EXHIBIT C

of death for the years 2019, 2020, and 2021." The Foundation requested a response by July 9, 2021. A copy of the Foundation's June 24 request is enclosed with this letter.

On June 30, 2021, the DCBOE acknowledged the June 24 request and explained that the DCBOE was "executing" the request. On July 15, 2021, the DCBOE contacted the Foundation via email to state it needed an additional 10 business days to complete the Foundation's request. On July 16, 2021, DCBOE General Counsel Terri Stroud contacted the Foundation via email and provided the DCBOE's response to the Foundation's request.

**DCBOE Responses**

Request 1: "*All 'ERIC Data' received from ERIC during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased.*"

The DCBOE denied Request 1 pursuant to D.C. Official Code § 2-534(a)(6) by operation of 15 C.F.R. § 1110 *et seq*. and the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721(a). The DCBOE cites further the "ERIC membership agreement" as "authority" for denying the Foundation's request.

Request 2: "*All reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021. Such lists will optimally include unique voter identification numbers, county or locality, full names, addresses, and dates of birth.*"

The DCBOE granted in part and denied in part the Foundation's second request. The DCBOE provided a list of former registrants removed from D.C.'s voter roll for the reason of death during the period January 1, 2019 to June 29, 2021. The DCBOE denied the Foundation's request for unique voter identification numbers and dates of birth on the grounds that 3 D.C.M.R. § 510.5 prohibits disclosure of that information.

**Violation of the National Voter Registration Act**

As explained in the Foundation's June 24, 2021 request, the NVRA requires election officials to make available for public inspection "**all records** concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1) (emphasis added). The requested records fall within the scope of this broad disclosure mandate. The NVRA exempts only two pieces of information— (1) a declination to register to vote, and (2) the identity of a voter registration agency through which any particular voter is registered. 52 U.S.C. § 20507(i)(1). The Foundation does not seek either of those things and the NVRA exempts no other records.

Neither federal statutes nor federal regulations supersede or override the NVRA's public inspection requirements. And any D.C. law that limits disclosure is inapplicable to our request because the NVRA, as a federal enactment, is superior to conflicting state laws under the Constitution's Elections and Supremacy Clauses. Furthermore, the DCBOE misapplies its own regulations (3 D.C.M.R. § 510.5) in withholding unique voter identification numbers. Title 3,

D.C.M.R. § 510.5 does not prohibit disclosure of (or even mention) voter identification numbers. While 3 D.C.M.R. § 510.5(a) makes *Social Security* numbers (full or partial) confidential, that restriction is not applicable here because the Foundation does not request full or partial Social Security numbers. Title 3, D.C.M.R. § 510.5 is thus legally and factually irrelevant with respect to voter identification numbers.

While D.C. law's disclosure restriction on dates of birth is likewise invalidated by the NVRA in these circumstances, it is worth noting that D.C. law does not appear to prohibit disclosure of *year* of birth.

Last, DCBOE's membership agreement with ERIC cannot be invoked to refuse compliance with the NVRA because two parties cannot validly contract to violate federal law.

Failure to permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private-right-of-action. 52 U.S.C. § 20510(b).

Executive Director Miller and the DCBOE are hereby notified that they are violating the NVRA and that litigation may commence against them if the violations described herein are not cured within 90 days of the receipt of this letter. 52 U.S.C. § 20510(b)(2). For lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred is available under 52 U.S.C. § 20510(c). The Foundation was recently awarded attorney's fees and litigation expenses as the prevailing party in an action to enforce the NVRA's public inspection rights.[2]

**The Foundation believes this matter can be lawfully and amicably cured in the following way:**

1. **The DCBOE shall provide to the Foundation the requested "ERIC Data" reports with unique voter identification numbers. The Foundation will consent, in this instance, to the redaction of all data elements contained in the Limited Access Death Master File ("LADMF") and protected by 15 C.F.R. § 1110 *et seq.*, such as SSN dates of birth, SSN dates of death, SSN death locations, and full/partial SSN numbers.**

2. **The DCBOE shall resubmit to the Foundation the "DECEASED LIST 010119-062921" Excel file with unique voter identification numbers.**

The assignment of unique voter identification numbers to each registrant is required by the Help America Vote Act, 52 U.S.C. § 303(a)(1)(A). The NVRA makes voter identification numbers subject to public inspection. Voter identification numbers are not contained in the LADMF or driver's license records and therefore neither the C.F.R. nor the DPPA governs or prohibits their disclosure. For these reasons, the DCBOE must allow the Foundation access to ERIC Data with voter identification numbers.

---

[2] Doc. 97, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-0981 (entered June 30, 2021).

EXHIBIT C

If the violations described herein are not cured in the time afford by law, we will have no choice but to pursue remedies in federal court.

Please contact me to arrange for secure transmission of the requested records, if necessary.

Thank you for your continued attention on this matter.

Sincerely,

Logan Churchwell
Research Director
Public Interest Legal Foundation

CC:

Michael Bennett, Chair
DCBOE Member

Mike Gill
DCBOE Member

Karyn Greenfield
DCBOE Member

The Hon. Muriel Bowser, Mayor
John A. Wilson Building
1350 Pennsylvania Avenue, NW,
Washington, DC 20004
eom@dc.gov

EXHIBIT C